FRED ULOTH v. THE STATE.

No. 2876.   Decided May 24, 1905.

**1.—Local Option—Election for Local Option.**

See opinion for questions of legality of election decided in Hanna v. State, 48 Texas Crim. Rep., followed.

**2.—Same—Hearsay Evidence—Analysis of Beverage.**

Testimony of a witness who did not himself make the analysis of a certain beverage was correctly excluded as hearsay; the chemist who did make the analysis was the proper witness to testify on that subject.

**3.—Same—Intoxicating Liquor—Internal Revenue License—Malt Liquor—**
**Charge of Court—Statutes Construed.**

In a case of a violation of the local option law, where the intoxicating properties of the malt liquor alleged to have been sold was sharply contested, and the Internal Revenue license introduced in evidence was for the sale of malt liquor only, it was error to instruct the jury that the fact that defendant had such license was prima facie evidence that he was engaged in selling intoxicating liquors. Such a charge would not be authorized in any case where the accusation is for the sale of malt liquors, under proof of Interal Revenue license for the sale of malt liquors, as the United States issues these regardless as to whether the malt liquors are intoxicating or not; and article 407a, Acts 28th Legislature, does not contravene this holding.

**4.—Same—Mistake of Fact—Intoxicating Liquors—Charge Requested.**

Where in a local option prosecution evidence was introduced that the hop-ale alleged to have been sold was not intoxicating, and if it was that it was unknown to defendant and an honest mistake on his part, the court should have submitted both of these issues and defined the term intoxicating liquors.

**5.—Same—Amendment Not Affecting Existing Law—Statutes Construed.**

Where a prosecution of a violation of the local option law, could be maintained under the law as it stood before amendment, this court will not pass on the constitutionality of an amendment which if unconstitutional could not affect article 402, Penal Code, the existing law under which such prosecution can be maintained.

Appeal from the County Court of Bosque.   Tried below before Hon. B. J. Wood.

Appeal from a conviction of a violation of the local option law; penalty, a fine of $100 and twenty days confinement in the county jail.

The testimony of the State witnesses, especially one of them, was that the hop-ale sold by the defendant affected them just like beer would, and would intoxicate if enough of it was drank. The testimony of

the defendant's witnesses was that they did not believe the beverage was intoxicating, some saying it had no intoxicating effect upon them whatever. This statement with that in the opinion is a sufficient one to understand the facts in the case.

*Dillard & Wood, S. C. Padelford* and *H. J. Cureton,* for appellant.— On question of intoxicating properties of the liquor sold by defendant: Decker v. State, 44 S. W. Rep., 845; Scales v. State, 83 S. W. Rep., 380; Hendricks v. State, 83 S. W. Rep., 711; Malone v. State, 51 S. W. Rep., 381; Ex parte L. A. Gray, 83 S. W. Rep., 828; Black on Intoxicating Liquors, section 2.

On question of Internal Revenue License: State v. Liquors and Vessels, 12 Atlantic Rep., 794; Black on Intoxicating Liquors, section 509. Willey v. State, 22 Texas Crim. App., 408; Gilleland v. State, 24 Texas Crim. App., 524.

On question of constitutionality of law: Axtel's Constitution, article 1, sections 9, 10, 15, 17 and 19: Black on intoxicating Liquors, section 351; Fisher v. McGirr, 61 Amer. Dec., 381; Black Const. Law, section 155, pp. 435–6–7–8–9 and 10; Bishop Criminal Procedure, sections 240–246; Cooley Const. Lim., 306, 304; Green v. Briggs, 1 Curt., 311, Fed. Case No. 5764; Boyd v. U. S., 116 U. S. 616, 6 Sup. Ct., 524; Hibbard v. People, 4 Mich., 125; Green v. James, 2 Curt., 187 Fed. Case No. 5766; Lowry v. Rainwater, 70 Mo., 152; Ieck v. Anderson, 57 Cal., 251.

*Howard Martin,* Assistant Attorney-General, for the State.

HENDERSON, JUDGE.—Appellant was convicted of violating the local option law, and his punishment fixed at a fine of $100 and twenty days confinement in the county jail.

Appellant raises the same questions in this case as to the legality of the local option elections as in Hanna v. State, decided at the present term. We hold in accordance with that case, that the assignments are not well taken.

By bills 3 and 4 appellant questions the action of the court, refusing to permit witness John Uloth to tell about an analysis of certain bottles of hope-ale, which he caused to be analyzed on behalf of his father, by an expert in Waco. As presented, we believe the evidence was properly excluded by the court. It was hearsay. It would have been entirely competent for appellant to have introduced the chemist who made the analysis and have had him testify on the subject; and in that connection have proven that the hop-ale sold was of the same character as that analyzed.

By appellant's fifth assignment, he questions the action of the court instructing the jury that the revenue license posted at appellant's place of business was prima facie evidence that appellant was engaged in the business of selling intoxicating liquors. In Floeck v. State,

34 Texas Crim. Rep., 314, we held, that it was competent for the court to so instruct the jury, where the question was whether or not the person was selling liquor without a State license. This was under the statute providing that in a prosecution for selling without a State license, the United States Internal Revenue License should be prima facie evidence that the party was engaged in the occupation. This doctrine was followed in Gerstenkorn v. State, 44 S. W. Rep., 501, and in the absence of any statute, was held to be applicable to local option cases. That is, the United States Internal Revenue License could be offered in evidence and would be regarded as prima facie proof that the party was engaged in the business of selling intoxicating liquors. However, this was a whisky case, and whisky is an intoxicant. This is a charge of selling malt liquors, and it is insisted that the Acts of the 28th Legislature, page 55, section 407a, authorizes the introduction of the fact that appellant had posted up in his place of business, a United States Internal Revenue License to sell malt liquors, and that the same was prima facie evidence that he was engaged in the sale of intoxicating liquors. It is insisted that the charge of the court was correct under article 407a, of said act. Said article provides, as follows: "In prosecutions under the provisions of this act an examined copy of the entries on the books of the internal revenue collector showing that the United States Internal Revenue Liquor or Malt License has been issued to the person or persons charged with violating the provisions of this act, shall be admissible in evidence, and shall be held to be prima facie evidence that such person or persons has paid the United States a special tax as a seller of spirituous or malt liquors, and shall be held to be prima facie proof that the person or persons paying such tax are engaged in selling intoxicating liquors." The court's charge was in accordance with said statute, and told the jury, in effect, that the United States Internal Revenue License for selling malt liquor was prima facie proof that defendant was then and there engaged in selling intoxicating liquor. We do not believe the court was authorized to go farther than the license itself warranted. In this case the license introduced was for the sale of malt liquors. The United States internal revenue department under its rules and regulations collects license taxes from all persons engaged in selling malt liquors, whether the same be intoxicating or not. In this case, the intoxicating properties of the malt liquor alleged to have been sold were sharply contested. For the court to tell the jury in such case that the fact that appellant had an internal revenue license for the sale of malt liquors was prima facie evidence that he was engaged in selling intoxicating liquors, was not warranted and was calculated to injure appellant. Nor do we believe in any case, where the accusation is for the sale of malt liquors, and an internal revenue license or an examined copy of the same is introduced in evidence against defendant, that the court is authorized to tell the jury that the same is prima facie evidence that appellant is engaged in the sale of intoxicating liquors.

It was strongly contested—in fact the crucial point in the case was, whether or not the hop-ale or malt-nutrine sold was intoxicating. Evidence was introduced pro and con on this subject, and it occurs to us that the preponderance of the testimony was in favor of appellant on this issue. However, the court failed to give any charge defining intoxicating liquor; and refused the special charge requested by appellant on this subject. Appellant also claims that if the hop-ale which he sold was intoxicating, such intoxicating properties were unknown to appellant, and without any negligence on his part, and that he made an honest mistake. Both of these questions were covered by special charges asked by appellant, and they should have been given.

Appellant also questions the validity of section 402 of the Acts of the 28th Legislature, under which this prosecution was brought. He claims that said selection was amended so as to authorize the search to be made of a man's premises for intoxicating liquors on complaint that intoxicating liquor is being sold or given away in violation of law; that such search warrant authorized the sheriff or constable of the county to search the place described, and if the law is being violated to arrest the person so violating it, and to seize all intoxicating liquors found therein, and arrest and bring before the grand jury or justice who issued the writ all persons connected with such business, either as proprietor, manager, clerk or other employee; and if admission into such place is refused, the officer executing such warrant is hereby authorized to force open the same. It is insisted that this portion being unconstitutional and illegal, vitiates the preceding portion of said article 402, which defines the offense alleged against appellant. We do not deem it necessary to discuss this question, or to determine here whether the latter portion of said article is illegal, or to determine if illegal, it can be rejected and the remainder of said article can be permitted to stand—inasmuch as if we should hold that the latter portion of said article cannot be separated from what preceded, and so vitiates the whole, that the prosecution would not fail on that account, but could be maintained under article 402, as it formerly stood before amendment.

For the errors pointed out the judgment is reversed and the cause remanded.

*Reversed and remanded.*