## Ex Parte Ozro Elliott and Nic Matthews.

### No. 3349.    Decided December 13, 1905.

**Habeas Corpus—Local Option—Charter and City Ordinance.**

Where a charter of a city gave it the exclusive control and management of saloons, the sale of intoxicating liquors, etc., and thereafter by an election held in the entire county local option was adopted including the territory of said city. Held that said charter, whether granted before or after the adoption of local option, did not abrogate the right of the county to adopt the local option law.

From Navarro County.

Original application for habeas corpus for release from arrest for violating the local option law in a city included in a county which had adopted local option.

The opinion states the case.

*Frost & Neblett* and *W. W. Ballew,* for relators.

*Howard Martin,* Assistant Attorney-General, for the State.

BROOKS, JUDGE.—This is an original application for the writ of habeas corpus, granted by the court, wherein relators were under arrest for violating the local option law in force in Navarro County. The local option election was duly and legally held in Navarro County, and local option was adopted for the entire county. Theretofore, the city of Corsicana, in Navarro County, was granted a special charter by the Legislature which conferred on said city the right to license saloons, and the usual provision for the control thereof, and granting authority to the city to locate the saloons in certain limits. Relators insist that by virtue of these provisions of the charter of the city of Corsicana, said city had the exclusive control and management of saloons, the sale of intoxicating liquors, etc., and that the provisions of the charter were superior to the county local option law thereafter adopted by the voters of Navarro County. This position is not correct. The Constitution

provides that the county is entitled to have local option. The city of Corsicana being an integral portion of said Navarro County, would be covered by such law when properly adopted. The fact that the provisions of the charter gives said city the right to regulate the sale of whisky, would not prevent the adoption of the local option law for the entire county, whether the charter be granted before or after the adoption of local option. The Constitution having guaranteed to a county the right to have local option, this right could not be abrogated by the Legislature by any character of provision in a city charter. Williams v. Davidson, 70 S. W. Rep., 987. We hold that the charter of the city of Corsicana does not abrogate the right of the County of Navarro to adopt the local option law. It follows, therefore, that relators are properly held, and they are accordingly remanded to the custody of the officer, and that they pay the costs herein incurred.

*Relator remanded.*

[Motion for rehearing overruled without written opinion.—Reporter.]