## A. S. MAGEE v. THE STATE.

### No. 3589. Decided November 28, 1906.

**Local Option—Charge of Court—Internal Revenue Liquor License—Prima Facie Proof.**

Upon trial for a violation of the local option law for selling whisky, the proof showed that the liquor sold was whisky and defendant did not contravene the intoxicating properties of the liquor, but denied a sale; and it was not disclosed in the record whether the United States Internal Revenue license exhibited in defendant's place of business was a license to sell malt liquor or spiritous liquors; it will not be presumed that it was a malt liquor license; especially as defendant testified that he got the license when he was being prosecuted before for selling whisky; and there was no error in the court's charge that such license was prima facie proof that the defendant was engaged in the sale of intoxicating liquor. Distinguishing Uloth v. State, 13 Texas Ct. Rep., 521.

Appeal from the County Court of Trinity. Tried below before the Hon. C. H. Crow.

Appeal from a conviction of a violation of the local option law; penalty, a fine of $100 and thirty days confinement in the county jail.

The opinion states the case.

No brief on file for appellant.

*J. E. Yantis,* Assistant Attorney-General, for the State.

HENDERSON, JUDGE.—Appellant was convicted of violating the local option law, and his punishment assessed at a fine of $100 and thirty days confinement in the county jail.

There are no bills of exception reserved outside the motion for new trial. The following portion of the court's charge was excepted to in the motion for new trial: "You are further instructed that in prosecutions for violating the local option law, where it is proven that there is posted up at the place where such intoxicating liquor is being sold or given away, with the purpose of evading the provisions of the law, United States Internal Revenue Liquor or Malt License, issued to any one, it is prima facie proof that the person to whom such license is issued is engaged in the sale of intoxicating liquor, but is not proof of a specific sale." This character of charge was held error in Uloth

v. State, 13 Texas Ct. Rep., 521, which was followed in Henry Thompson v. State, decided Oct. 24, 1906. These were both malt liquor cases. We held that inasmuch as the Federal law requires parties engaging in the sale of malt liquors, whether intoxicating or not, to procure a United States Internal Revenue License, that there was no presumption under such license that a person engaged in the sale of malt liquors was engaged in the business of selling intoxicating liquors, and that a charge based on our statute making an Internal Revenue License for the sale of malt liquors a prima facie case for the sale of intoxicating liquors was not authorized. However, in this case the alleged sale was of whisky, an intoxicant, and the proof made by the State was that the liquor sold was whisky. Appellant did not contravene the intoxicating properties of the liquor, but denied a sale. It is not disclosed in the record, whether the license which was posted at appellant's place of business, was a license to sell malt liquor or to sell spirituous liquors. We cannot presume, in the absence of a sufficient statement designating the character of license, that it was a malt liquor license. From the tenor of the proof, we take it, that it was a license for the sale of spirituous liquors. Appellant testified, "I got the license to protect me against prosecution when I was being prosecuted here before for selling whisky." He further stated that he was not selling that now, or any other beverage, or intoxicant. So we take it, from this, that it must have been a license authorizing the sale of spirituous liquors. This was a license for the sale of spirituous liquors that appellant was speaking of. If so, we do not believe that the court erred in giving the instruction criticised, especially as the alleged sale was of whisky, and the proof showed it was whisky.

There is no other question requiring review. The facts were submitted to the jury, and they believed the State's theory. The judgment is affirmed.

*Affirmed.*