## LEO FOX v. THE STATE.

### No. 4294.    Decided March 11, 1908.

**1.—Local Option—Statement of Facts—Official Stenographer—Question and Answers.**

The Act of the Twenty-ninth Legislature which authorized a statement of facts to be made up by questions and answers applied only to those courts in which there was an official stenographer, and not to the county court. This law was amended by the Act of the Thirtieth Legislature, which repeals the provisions of the former law with reference to statement of facts in the form allowed under such former act.

**2.—Same—Change of Venue—Misdemeanor.**

Under the statutes of Texas a change of venue is not authorized in a misdemeanor case. Following Halsell v. State, 29 Texas Crim. App., 22; Johnson v. State, 31 Texas Crim. Rep., 456.

**3.—Same—Continuance.**

Where the application for continuance showed that the diligence to procure

the attendance of the absent witnesses was manifestly insufficient, the same was correctly overruled.

**4.—Same—Jury and Jury Law—Jury Commissioners.**

Where upon trial for the violation of the local option law, defendant moved to quash the jury panel, because the jury was summoned by jury commissioners who were prohibitionists and members of a law and order league, but no testimony was offered in support of this objection there was no error. Following Cravey v. State, 23 Texas Crim. App., 677.

**5.—Same—City Charter and Ordinance—Legislative Power.**

A city under a special charter granted by the Legislature, is not exempted from the local option law adopted by the county for the entire county in which said city is situated, but is subject to the general local option laws as passed by the Legislature under the Constitution. Following Ex parte Elliott, 49 Texas Crim. Rep., 108.

**6.—Same—Charge of Court—Alibi—Special Charge.**

Where upon trial of a violation of the local option law, the court correctly charged on the law of alibi, reasonable doubt and presumption of innocence, there was no error in refusing a special charge upon the same matter and on the subject of alibi.

**7.—Same—Charge of Court—Internal Revenue License.**

Where upon trial of a violation of the local option law the court correctly charged that the issuance of internal revenue license was prima facie evidence that defendant was engaged in selling intoxicating liquors, there was no error. Following Uloth v. State, 48 Texas Crim. Rep., 295.

**8.—Same—Misconduct of Jury.**

Where the question of misconduct of jury was made the matter of diligent inquiry by and under the direction of the trial court, and there was ample evidence to sustain the findings of said court that there was no such misconduct, the action of the trial court will not be disturbed.

**9.—Same—Sufficiency of Evidence.**

Where upon trial for the violation of the local option law the verdict of conviction was amply supported by the evidence, the judgment of conviction was sustained.

**10.—Same—Accomplice—Witness.**

Under the Act of the Legislature, March 30, 1887, it is provided that a person who purchases intoxicating liquor from a person who sells it in violation of the local option law, is not thereby constituted an accomplice. Overruling Steele v. State, 19 Texas Crim. App., 425.

Appeal from the County Court of Navarro. Tried before the Hon. T. L. Jester.

Appeal from a conviction of the violation of the local option law; penalty a fine of $60 and forty days confinement in the county jail.

The opinion states the case.

*S. H. Jack* and *W. W. Ballew,* for appellant.—On question of change of venue: White's Code Crim. Proc. article 615: Miller v. State, 31 Texas Crim. Rep., 609; Carr v. State, 19 Texas Crim. App., 635. On question of continuance: Self v. State, 28 Texas Crim. App., 398; Hammond v. State, 28 Texas Crim. App., 413; Simmons v. State, 26 Texas Crim. App., 514; Black v. State, 27 Texas Crim. App., 495. On question of special charter and general legislation. Dillon on Municipal Corporations, section 54: Huron v. Second Ward. Bank, 49 L. R. A., 534; State v. Stoll, 17 Wall, 425; Jones v. State, 18 Texas, 874; Reuter

v. State, 43 Texas Crim. Rep., 572; 67 S. W. Rep., 505; Gonzales County
v. Norwood, 79 Texas, 218; Craddock v. State, 18 Texas Crim. App.,
567.

On question of accomplice testimony: Steele v. State, 19 Texas
Crim. App., 425. On question of charge on alibi: Gallaher v. State,
28 Texas Crim. App., 247; Galloway v. State, 29 Ind., 442; Stuart
v. People, 42 Mich., 255; Adams v. State, 42 Ind., 373; Kaufman v.
State, 49 Ind., 248; French v. State, 12 Ind., 670; Binns v. State,
46 Ind., 311. On question of misconduct to jury: Hanks v. State,
21 Texas, 526; Long v. State, 32 Texas Crim. Rep., 140; Brackenridge
v. State, 27 Texas Crim. App., 513; Boren v. State, 23 Texas Crim.
App., 28; Washburn v. State, 31 Texas Crim. Rep., 352; Long v.
State, 10 Texas Crim. App., 186; Stegald, 22 Texas Crim. App., 464;
Randall v. State, 34 Texas Crim. Rep., 43. On question of insufficient
evidence Loza v. State, 1 Texas Crim. App., 488; Spears v. State, 2
Texas Crim. App., 244; Harden v. State, 13 Texas Crim. App., 192;
Mason v. State, 29 Texas Crim. App., 24; Newbury v. State, 32 Texas
Crim. Rep., 145.

*F. J. McCord,* Assistant Attorney-General and *Richard Mays,* for
the State cited cases in opinion.

RAMSEY, JUDGE.—Appellant was charged by indictment in the
county court of Navarro County, with the offense of selling intoxicating
liquors therein in violation of the local option law.

The record on appeal contains 280 pages, and raises many questions.
A motion has been made by the State to strike out the statement of facts
on the ground that this being an appeal from the county court, the Act
of the Twenty-ninth Legislature, which authorized a statement of facts
to be made up by questions and answers, applies only to those courts
in which there was an official stenographer, and that the law makes no
provisions for an official stenographer in respect to cases tried in the
county court; and further because the statement of facts in this case,
consisting of questions and answers, having been approved after the
law of the Thirtieth Legislature had gone into effect, which repealed the
provisions of the former law authorizing a statement of facts to be so
prepared, that the law in effect when this statement of facts was
prepared, in terms prohibited a statement of facts in the form in
which this one was made up. We are inclined to believe that this
motion should be granted, but in view of the disposition we have
concluded to make of the case, we have concluded to consider the
case as if the statement of facts was in all respects regular.

2. Complaint is made that the court erred in refusing to change the
venue of the case on application made by appellant. A sufficient an-
swer to this motion is, that under our statute a change of venue is not
authorized in a misdemeanor case. This is well settled, and the general
rule seems to be recognized by appellant's counsel, though they ear-

nestly insist that we should depart from it. We see no occasion so to do. Code of Criminal Procedure, articles 613–614; Halsell v. State, 29 Texas Crim. App., 22, and Johnson v. State, 31 Texas Crim. Rep., 456.

3. Again, complaint is made that the court erred in overruling appellant's application for a continuance. There was no error in this. The indictment in the case was filed in the county court on April 15, 1907. It appears incidentally but definitely from the record that appellant was arrested on May 15, 1907. No process was sought for any witness until July 27, 1907. Appellant does say in his application that he issued subpœna to Galveston County for the witness Craig on June 27th, 1907, when he first learned he was in that county, but he does not state what diligence, if any, he used to find out his whereabouts, or that he had been in ignorance of his whereabouts, or was unable to learn same. The other witnesses resided in Navarro County. The county court met on Monday, July 1st, and appellant's case went to trial on July 2nd. So that for almost two months after his indictment and arrest, no sort of diligence was used to prepare for trial. As presented in this record, the diligence was manifestly insufficient, and the court did not err in overruling the application, and this without reference to the materiality of the testimony. In this connection, we may say it is doubtful whether under all the facts the testimony sought was of such character as to have justified the court in granting a continuance.

4. Again, complaint is made that the court erred in refusing to quash the jury panel and dismiss the jurors summoned for the week. This motion was made on the ground, in substance, that this jury was summoned by jury commissioners, both of whom were members of the Law and Order League, and contributors to a fund raised by such league to prosecute this and other cases, and the jurors summoned were all prohibitionists and several of them were members of the Law and Order League and were contributors to the fund and were all prejudiced against this defendant. A sufficient answer to this motion is, that there was no evidence offered in support of this motion; and we are, therefore, without authority to review or set aside the judgment and ruling of the trial court in holding the jury qualified, or to sustain appellant's motion. Cravey v. State, 23 Texas Crim, App., 677.

5. Again, it is contended that the trial court erred in not holding and charging, in effect, that inasmuch as the City of Corsicana is operating under a special charter granted by the Legislature, that the local option laws adopted by said county had and could have no application to it. We hold that the Legislature was without power, if it attempted so to do, and further that it did not in fact attempt in granting a special charter to the City of Corsicana, to exempt said city from the equal operation of the laws of this State, that it was prohibited under the Constitution from so doing, and that the local option law enacted under the Constitution, by which Navarro County as a unit declared the sale of intoxicating liquors unlawful was effective throughout the limits of

said county, including the city of Corsicana. Constitution, article 16, section 20; and Ex Parte Elliott, 49 Texas Crim. Rep., 108; 91 S. W. Rep., 570.

6. Again, complaint is made that the court erred in his charge on the subject of alibi. On the question the court charged, as follows: "Evidence introduced in the trial of this case suggests what is known and called in legal phraseology as an alibi; that is, if the offense was committed as alleged, then the defendant was at the time of the commission thereof, at another and different place from that at which said offense was committed (if committed); and therefore was not and could not have been the person who committed the same (if committed). Now, if the evidence raises in your mind a reasonable doubt as to the presence of the defendant in the Blue Front Saloon on the 30th day of January, 1907, at the time of the alleged sale to W. S. Clark (if any) then you will acquit defendant and say by your verdict not guilty." The requested charge was as follows: "Gentlemen of the jury: You are instructed that amongst other defenses set up by defendant, is that known as an alibi; that is, that if there was a sale of intoxicating liquor made to W. S. Clark upon January 30th, 1907, in the Blue Front building, in Corsicana, that the defendant was at that time at another and different place, and was not in Navarro County, nor in the Blue Front place at the time of said sale, and was not connected therewith, and therefore was not the person who made the alleged sale to W. S. Clark. Now, if the evidence raises in your minds a reasonable doubt as to the presence of the defendant, Leo Fox, at the time of the alleged sale, if a sale was made, then you will find defendant not guilty, and if you entertain a reasonable doubt that at that time, defendant may not have been elsewhere, the defendant is entitled to the benefit of said doubt and the jury should acquit him." The charge of the court was followed immediately by this additional charge: "The defendant in a criminal case is presumed to be innocent until his guilt is established by legal evidence, beyond a reasonable doubt; and in case you have a reasonable doubt as to the defendant's guilt, you will acquit him, and say by your verdict not guilty." We see no objection to the charge given by the court, and we see no occasion why the special charge should have been given, and the court did not err in the charge given or in refusing the requested charge on the subject of the alibi.

7. Complaint is made of the charge of the court in substance charging that the issuance of internal revenue license was prima facie evidence that he was engaged in selling intoxicating liquors. This is expressly so provided by law. See Acts of the Twenty-eighth Legislature, 1903, page 57, chapter 40, article 402. This court has repeatedly held such charges correct. McGee v. State, 98 S. W. Rep., 245; Thompson v. State, 48 Texas Crim. Rep., 295; 97 S. W. Rep., 316; Uloth v. State, 48 Texas Crim. Rep., 295; 87 S. W. Rep., 822.

8. Complaint is made of the misconduct of three of the jurors, A. A. Heppard, J. H. Fesmire, and Jack Castles. The several matters of

misconduct in respect to all these jurors was made the matter of diligent inquiry by and under the direction of the court. There is ample evidence to sustain the findings of the court that there was no such misconduct on the part of any of these jurors as to entitle appellant's motion on this ground to serious consideration. Indeed, this is our judgment, after having carefully read the entire record. Therefore, we hold that the court having found against appellant's contention in this condition of the record, and there being ample evidence to support said findings, this court ought not and will not disturb said judgment of the trial court. Code of Criminal Procedure, article 821; Mayes v. State, 33 Texas Crim. Rep., 33; Cockrell v. State, 32 Texas Crim. Rep., 585; Driver v. State, 37 Texas Crim. Rep., 160; Shaw v. State, 32 Texas Crim. Rep., 155.

9. Finally, it is contended that the court erred in overruling appellant's motion for a new trial, because, as claimed, the verdict of the jury is not supported by the evidence. We have carefully examined the record in this respect, and it contains unequivocal proof, if believed, of appellant's guilt. These matters were fairly submitted by the court to the jury. The jury have found against appellant, and in view of this state of the record, we are without power to interfere.

The judgment of the court below is in all things affirmed.

*Affirmed.*

ON REHEARING.

April 15, 1908.

RAMSEY, JUDGE.—In this case counsel for appellant here filed an able motion for rehearing in which they reassert with great vigor all the propositions contained in their brief originally filed in the case. Especial complaint is made, however, that we ignored and overruled without discussion appellant's assignment of error complaining of the refusal of the trial court to give his special charge upon the subject of accomplices' testimony, and we are referred to the case of Steele v. State, 19 Texas Crim. App., 425. In that case Judge Willson, who delivered the opinion of the court says: "It is insisted by defendant that these witnesses are accomplices in the offense committed by defendant, if any offense was committed, and that a conviction had upon their uncorroborated testimony can not be sustained. We are strongly inclined to agree with counsel for the defendant as to the status of these witnesses. We can see no good reason why they should not be regarded as accomplices in the sale of the liquor, they being employed to procure such sale, and their energy and cunning being bought and paid for to accomplish that purpose." This opinion was rendered on November 25, 1885. After the rendition of this decision and on March 30, 1887, the Legislature of this State passed a law as follows:

"When the sale of intoxicating liquor has been prohibited in any county, justice precinct, city or town, the repeal of such prohibition shall not exempt from punishment any person who may have offended against

any of the provisions of the law while it was in force, and the fact that a person purchases intoxicating liquor from any one who sells it in violation of the provisions of this chapter shall not constitute such person an accomplice."

There is no merit in appellant's contention that the witness against him was an accomplice under our law. The other matters have received careful consideration and we are content to rest their decision on the original opinion. The motion for rehearing is denied.

*Rehearing denied.*