ED GLENN V. THE STATE.

No. 6016. Decided March 16, 1921.

**1.—Murder—Statement of Facts—Practice on Appeal.**

Where the alleged document purported to be a narrative statement of facts, which was neither signed by counsel nor the trial judge, and a question and answer statement not properly approved the same cannot be considered on appeal.

**2.—Same—Special Venire—Practice on Appeal.**

Where, the judgment is reversed and the cause remanded upon other grounds, the manner of drawing the special venire need not be discussed

farther than to say that trial judges should supervise more closely the drawing of special venires and follow the statute.

### 3.—Same—Misconduct of Jury—Failure of Defendant to Testify.

Where, upon an appeal from a conviction of murder, the fact appeared from the record that there was an allusion to defendant's failure to testify among the jurors before the amount of punishment was inflicted, and that this was not a casual reference to defendant's failure to testify, which under the rule if promptly surpressed is not reversible error, this court is unwilling to let this conviction stand under the authority of Rogers v. State, 55 S. W. Rep. 817, and other cases.

### 4.—Same—Misconduct of Jury—Verdict by Lot—Rule Stated.

Where, appellant complains that the verdict was reached by lot, but it is unnecessary in the instant case to discuss or decide that question, except to say that, where the State controverts such issue and testimony is introduced *pro* and *con*, it becomes the duty of the trial judge to determine the issue, and in the absence of error pointed out, there was no reversible error.

Appeal from the Criminal District Court, No. 1, of Dallas. Tried below before the Honorable Robt. B. Seay.

Appeal from a conviction of murder; penalty, ten years imprisonment in the penitentiary.

The opinion states the case.

*R. B. Allen,* and *R. B. Allen, Jr.,* and *W. L. Crawford,* for appellant. —On question of defendant's failure to testify: Thorpe v. State, 50 S. W. Rep., 383; Huddleston v. State, 156 S. W. Rep., 1170.

HAWKINS, Judge.—Appellant was convicted of murder, and his punishment assessed at ten years confinement in the penitentiary.

The record in this case is in rather a peculiar condition. There appears what purports to be a narrative statement of facts neither signed by the attorneys nor approved by the trial judge, and also a question and answer statement of facts that is not endorsed or approved by anyone connected with the case, either the attorneys or the court. Under many holdings of the court heretofore neither of these statements of facts can be considered by us. However, three questions are presented by bills of exception, which may be considered by this court independent of any statements of facts.

The first bill of exceptions complains of an irregularity of such character in drawing the venire that appellant urges a reversal of the case by reason thereof. We will not discuss at any length this matter, because we have reached the conclusion that the case must be reversed upon another ground, and it will hardly occur that in the drawing of another venire these same questions will present themselves, as doubtless the issue raised upon this point in the trial court will call the attention of the officers upon whom devolves the duty of drawing special venires to the necessity of exercising more care in that regard. If the

trial judges over the State would supervise more closely the drawing of special venires, and instruct the officers charged with that duty as to the necessity of following the statute, it would save this court many vexing questions touching irregularities growing out of this procedure.

In appellant's second bill of exceptions he complains of misconduct of the jury in violation of Article 790, Vernon's C. C. P., in that after they retired to consider their verdict, the failure of appellant to testify was discussed by the jury and taken by them as a circumstance against him. This matter was presented by affidavits of some of the jurors attached to the motion for new trial and upon hearing of the motion nine of the jurors were called to testify. The learned trial · judge appends to the bill of exceptions as his reason for overruling the motion for new trial, that he thought the matter came under that line of decisions where it appeared that the matter was mentioned by one juror and stopped by another, and was not discussed or referred to afterward by any juror. We have examined closely and with great care the bill of exceptions upon this issue, which is very full and covers many pages in the record. Upon the examination of the jurors before the court there appears the same variances we would expect to find in the testimony of various witnesses upon one issue. Two of the jurors disclaim having heard any mention of the defendant not testifying, while all of the other jurors admit having heard mention of it, some giving one version and some another as to what was said, and it is impossible for this court to determine whether they referred to one incident, or to more than one. It is quite certain, as disclosed in this bill, that upon one occasion at least, when appellant's failure to testify was mentioned, that some of the jurors immediately said to the one mentioning it that they could not consider that as the court had told them that would be improper. The appellant was claiming self-defense, and all of the jurors except two who heard the matter mentioned substantially say that some juror during the discussion said if the defendant had killed deceased in self-defense, or had to do it, that he would have gotten on the witness stand and told about it. Some of them perhaps do not make it quite so strong, but say that some of the jurors simply wondered why the defendant did not testify himself. Another juror seems to have stated, in effect, that if the defendant had gotten his hand broken in a fight he could have gone on the witness stand and told about it. This is the only reference we find in the bill upon this issue where anything was said about appellant having gotten his hand broken. One of the jurors seems to have been influenced more by the failure of the appellant to testify than any of the others, but he disclaims having talked to all the jurors in the general discussion about it, but admits he did say to one of the jurors in private conversation as they were going to supper, that he thought, that any man who was only guilty of murder in self-defense would be glad to get up and say so." He said he made the general statement that any man, not referring particularly to the appellant, who

would kill in self-defense would be glad to tell the world about it, that he would not have anything to hide, and says that what he had in his mind at that time was if Ed Glenn had cut deceased in self-defense he would have been glad to have gone on the witness stand and tell it. Another juror, in testifying upon this issue, says this same juror who claims to have had the private conversation with another one, did in the general discussion state that his reason for wanting to inflict a heavy punishment on appellant was because he had not taken the witness stand and told how the fight occurred. There is no variance in the testimony of the jurors but that the discussion of this matter which was had during the general consideration of the case by the jury occurred after they had agreed upon a verdict of guilty, and while they were discussing the amount of the punishment. The private conversation between the two jurors heretofore mentioned occurred prior to that time and after they had agreed upon a verdict of guilty and while they were on their way to supper. From the foregoing statement of the testimony of the jurors as disclosed upon the hearing of the motion for a new trial, we cannot agree with the learned trial judge that there was only a casual reference to the appellant not testifying, which was promptly suppressed, and we are unwilling to let this conviction stand under the authority of the following cases: Rogers v. State, 55 S. W. Rep., 817; Thorp v. State, 40 Texas Crim. Rep., 349; Tate v. State, 38 Texas Crim. Rep., 261; Wilson v. State, 39 Texas Crim. Rep., 365.

Appellant in his other bill of exceptions also complains of misconduct of the jury in that they arrived at their verdict in an improper way by each giving the number of years they thought ought to be assessed against the appellant, adding them up, dividing by 12, and all agreeing that the result would be their verdict. Upon a hearing of this issue there is a conflict between the jurors, some of them claiming that they were so far apart with reference to the penalty it looked like they would be unable to agree, and some one suggested that they pursue the course above mentioned in order that they might find what the average would be as a basis for a further discussion. Others claim that while there was no hard and fast agreement that they would be bound by the result thus arrived at, that it was so generally understood. The general average obtained was 10 5/12 years, and the verdict as given was 10 years. It is unnecessary for us to discuss or decide the question here presented, because it will not likely occur upon another trial; but we are inclined to follow the rule laid down in Benevidas v. State, 57 Texas Crim. Rep., 170; Fox v. State, 53 Texas Crim. Rep., 150; Holt v. State, 51 Texas Crim. Rep., 15, the substance of which is that where the State controverts such issue as made by the appellant on his motion for a new trial, and testimony is introduced *pro* and *con*, and the matter is conflicting, that under Article 841, Vernon's C. C. P. it becomes the duty of the trial judge to determine the issue, and unless it appeared to this court that he had com-

mitted an error in his judgment thereon, we would not interfere with his finding upon that issue.

For the error pointed out with reference to the jury having considered the failure of the appellant to testify as a circumstance against him, the judgment of the trial court must be reversed and the cause remanded.

*Reversed and remanded.*