CHARLIE STEVENSON v. THE STATE.

No. 6194.   Decided April 6, 1921.

Forgery—Misconduct of Jury—Defendant's Failure to Testify.

Where, upon trial of forgery, certain testimony was withdrawn by the court, and the jury were instructed not to consider the same, and also not to consider the defendant's failure to testify, but the jury, nevertheless, discussed the defendant's failure to testify, and also considered matters entirely outside the record, the same was reversible error. Following Wilson v. State, 39 Texas Crim. Rep., 365, and other cases.

Appeal from the District Court of Potter.   Tried below before the Honorable Henry S. Bishop.

Appeal from a conviction of forgery; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*A. M. Hood* and *C. B. Reeder, Jr.,* for appellant.—On question of Misconduct of Jury: Gates v. State, 225 S. W. Rep., 170; Barrow v. State, 225 id., 53.

*R. H. Hamilton,* Assistant Attorney General, for the State.

HAWKINS, Judge.—Appellant was convicted of forgery and his punishment assessed at confinement in the penitentiary for a term of two years.

Appellant complains of the misconduct of the jury in discussing his failure to testify and in other particulars which will be more fully set out later herein. This case presents as plainly as it is possible to do so how ineffectual it is for the trial judge, in many instances, to withdraw from the consideration of the jury harmful evidence which has been admitted before them. The first count in the indictment charges appellant with the forgery of a check described therein, and then proceeds to charge that theretofore appellant had been convicted of a similar offense, to-wit: the forgery of another check. We presume it was the purpose of the pleader to so draw the indictment that the punishment in the present case would be increased under Article 1619 of Vernon's C. C. P. The judgment of conviction in the former case was introduced in evidence and also the circumstances incident thereto. For some reason not disclosed by the record, the trial judge withdrew from the consideration of the jury the second count in the indictment above referred to, and also withdrew from their consideration all the testimony incident thereto, and directed the jury not to consider the failure of the appellant to testify as a circumstance against him; nor should they consider the evidence which had been withdrawn from their consideration. Bills of exceptions, however, disclose that the jury did not only discuss the appellant's failure to testify, but that they also discussed the testimony which had been withdrawn from their consideration. Some of the jurors, in effect, stated that appellant's counsel was afraid to put him on the stand for fear that they would show a commission by appellant of other forgeries, and if he were not guilty he would have been put upon the stand; and some of the jurors, during the discussion, said the defendant had been tried in every term of court for forgery for the last two or three terms, and that he ought to be sent to the penitentiary on general principles. It is not necessary to set out further the testimony of the jurors as developed upon an investigation of this matter upon motion for new trial. The assistant attorney general confesses error in this respect, and we think, after an examination of this bill of exceptions, he is correct upon the matter. It has been held in many cases that where the jury discusses the failure of the defendant to testify the case will be reversed. Not only did they do that in this case, but they went further and discussed the general reputation of the defendant, which had not been put in issue, and considered matters which were entirely out-

side the record. Rogers v. State, 55 S. W. Rep., 817; Thorpe v. State, 40 Texas Crim. Rep., 349; Tate v. State, 38 Texas Crim. Rep., 261; Wilson v. State, 39 Texas Crim. Rep., 365; Ed Glenn, 89 Texas Crim. Rep., 13, 229 S. W. Rep., 521, recently decided and just reported, and cases therein cited.

The motion for new trial ought to have been granted, and for the error pointed out, the judgment of the trial court must be reversed and the cause remanded.

*Reversed and remanded.*