## JIM MOORE V. THE STATE.

No. 19550.   Delivered April 6, 1938.
Rehearing denied May 18, 1938.

The opinion states the case.

*R. L. Graves,* of Brownfield, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

GRAVES, JUDGE.—Appellant was convicted of receiving and concealing stolen property of the value of over fifty dollars, and awarded a penalty of four years in the penitentiary.

There are but two questions raised by appellant's attorney, the first contention being the proposition that in the indictment appellant is charged with having received such stolen property from a person unknown to the grand jury, after diligent search and inquiry, whereas they could have known such by diligent search and inquiry, and to such effect is appellant's first bill of exceptions. This bill of exceptions is wholly in a question and answer form with no certificate of the judge trying the case that such was necessary for the proper understanding thereof. Hence we can not consider the same. Kelly v. State, 17 S. W. (2d) 460; Polk v. State, 5 S. W. (2d) 149; 4 Tex. Jur. 257. However, the same question is presented to us in what is termed an exception to the indictment, which moves a dismissal thereof because of the allegation in such indictment that such stolen property was received from some person unknown to the

grand jury, whereas the grand jury did know the name of the person from whom such property had been received. This matter was also brought forward in a request for a peremptory instruction by appellant's attorney.

The careful trial court, at the request of appellant, charged the jury that if at the time of returning the indictment in this case "the grand jurors knew or could have known by reasonable diligence the name of the person or persons from whom the defendant received the cotton seed in question, or if you have a reasonable doubt thereof, you will acquit the defendant."

The State offered in evidence the testimony of J. L. Milsap, T. C. Garner and Bruce White who were members of the grand jury returning this indictment, and all of them testified that they used diligence, and made inquiry attempting to find the names of the person or persons from whom appellant received the cotton seed in question, and were unable to do so; that they recessed and attempted to find out such fact, and when they again convened they were still unable to say from whom such property had been received. To the same effect was the testimony of the sheriff, Jess Smith, as follows:

"The grand jury made a diligent effort to ascertain the person or persons from whom Mr. Jim Moore received this cotton seed. They asked me if I knew and I didn't know. I wasn't able to find out."

Under the showing made by the grand jurors and the sheriff, it was proper to charge that such property was received from persons unknown to the grand jury.

The only other point reserved in the record is contained in a bill of exceptions wholly in question and answer form, which does not bear the certificate of the trial judge that such form was necessary for the proper understanding thereof. Such can not be considered by this Court under the authorities above cited.

Finding no error in the record, the judgment is affirmed.

### ON MOTION FOR REHEARING.

MORROW, PRESIDING JUDGE.—We have carefully reviewed the record in the light of the motion for rehearing filed by appellant but are still constrained to the view that the proper disposition of the case was made on the original submission. The motion for rehearing is overruled.