### EX PARTE JIM MOORE.

No. 20279. Delivered March 8, 1939.

The opinion states the case.

*T. L. Price,* of Post, and *R. L. Graves,* of Brownfield, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

HAWKINS, JUDGE.—Relator was indicted in the District Court of Terry County, Texas, on September 15, 1936, charged with felony theft. He was tried and judgment of conviction resulted on September 8, 1937, punishment being assessed at four years in the penitentiary. He invoked the jurisdiction of this court by prosecuting an appeal. The judgment of conviction was affirmed in an opinion delivered April 6, 1938. (See Moore v. State, 134 Tex. Cr. R. 542, 116 S. W. (2d) 720). Mandate issued from the Court of Criminal Appeals directed to the District Court of Terry County and was filed by the Clerk of that court on May 23, 1938. The District Clerk in obedience to said mandate issued a commitment against relator on June 13th, 1938. On June 15th, 1938, relator applied to the District Judge of Terry County for a writ of habeas corpus setting up that he was held by the Sheriff of Terry County under said commitment, and that his restraint was illegal because—as he claimed—sentence had never been pronounced against him as required by law. The writ was granted and hearing thereon was had on June 20, 1938. Relator was remanded to the custody of the sheriff. The judgment so remanding him contains the following recital.

"And after having examined the writ and the return of the said respondent, Chess Gore, Sheriff of Terry County, Texas,

and all papers and documents attached thereto, and having heard all the testimony offered on both sides, I am of the opinion that the said Jim Moore is legally held in custody and under restraint of his liberty by the said respondent."

From the order remanding him relator appeals to this court.

If relator had never been sentenced as required by· statute the Court of Criminal Appeals acquired no jurisdiction of his· appeal from the judgment of conviction. Authorities are so uniform on that point there is no necessity for citation of them. It will readily be seen that relator's real position is an attack on the jurisdiction of this court, and a claim that our judgment of affirmance was absolutely void, and that the mandate and commitment by virtue thereof was unauthorized. No issue is made on the manner in which relator undertakes to raise the question. We discuss the point as it is presented here, but are mindful of the holdings of this court in McCorquodale v. State, 54 Tex. Cr. R. 344, 98 S. W. 879, and Craddock v. State, 15 Tex. Cr. R. 641.

There is found in the present record a sentence against relator in all respects regular but which bears date of September 14, 1937. This same sentence was in the record which was before us on the appeal from the judgment of conviction. Relator relied on that sentence as the final judgment upon which he invoked the jurisdiction of this court to review the record of his conviction. No word or hint questioning the regularity or fact of "sentence" was heard from relator or his counsel until after the judgment of affirmance was sought to be made effective.

The record is beyond dispute that the relator's motion for new trial in the original case was overruled on the 11th day of September, 1937, and that he entered into recognizance on the same day after having given notice of appeal to this court and was released from custody. It was relator's contention upon habeas corpus hearing that he was never sentenced at all, and further, that if he was sentenced on September 14th the sentence was void because the trial court had lost jurisdiction because of the notice of appeal. The evidence of both relator and the State makes it certain that sentence was not pronounced, nor attempted to be pronounced, against relator after he was released on his recognizance for appeal in the original case. It therefore becomes apparent .that if relator was sentenced at all it was before he was released on his recognizance and that the date of sentence as it appears in the record is inaccurate.

430

Upon the habeas corpus hearing relator and his witnesses testified that he was never sentenced at all. On the other hand, the State's witnesses testified that he was sentenced on September 11th before entering into his recognizance for appeal. Some of the State's witnesses are positive on the point, others, including the judge, testified that in their best judgment he had been sentenced. From the statement as to the evidence pro and con it is apparent that the issue of whether or not sentence was pronounced became an issue of fact. If it had been tried before a jury ample evidence is in the record which would have supported a finding that relator was sentenced. Likewise, the record supports the same finding by the trial judge. Where the ruling of the trial judge depends upon the existence or non-existence of a certain fact and testimony pro and con is introduced thereon and the evidence is conflicting it becomes the duty of the trial judge to determine the issue, and unless it appears to this court that his finding was without support in the evidence and that he had committed an error in his judgment thereon, we would not interfere with his findings thereon." Glenn v. State, 89 Tex. Cr. R. 13, 229 S. W. 521.

Believing there is ample testimony here to support the trial court's finding that relator was properly and regularly sentenced as required by statute, the judgment remanding him is in all things affirmed.