

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. AP-75,693

**RODNEY REED, Appellant**

**v.**

**THE STATE OF TEXAS**

## ON APPLICATION FOR A WRIT OF HABEAS CORPUS IN CAUSE NO. 8701 IN THE 21ST DISTRICT COURT OF BASTROP COUNTY

**KELLER, P.J., filed a concurring opinion.**

The Court says, "For over forty years, our writ jurisprudence has consistently recognized that this Court is the ultimate factfinder in habeas corpus proceedings."[1]  I believe that this is a serious misstatement of the law, and I also believe that the Court's engagement in fact-finding in this case is unnecessary.  I therefore find myself unable to join the Court's otherwise formidable opinion.

The Court characterizes itself as the "ultimate fact finder" and the trial judge as the "original

---

[1]  Court's op. at 54.

factfinder."[2]  The Court says that "in most circumstances" and "ordinarily" we will defer to a trial judge's findings of fact that are supported by the record.[3]  The Court says that we conduct an independent review of the record and that, if the trial judge's findings are not supported by the record, we have the authority "to make contrary or alternative findings and conclusions."[4]

For these pronouncements, the Court cites a handful of cases, the most recent of which is the *per curiam* opinion *Ex parte Van Alstyne*.[5]  But the statements made in these cases are, at best, *dicta*, and in many instances they fail to support the Court's holding for other reasons.  In *Van Alstyne*, for example, the statement that this Court is the "ultimate fact finder" was *dicta* because this Court did in fact defer to the trial court's findings of fact.[6]  The Court did not reject a single finding of fact, let alone make findings contrary to those of the trial court.[7]

---

[2]  *Id*.

[3]  *Id.* at 55.

[4]  *Id.*

[5]  239 S.W.3d 815 (Tex. Crim. App. 2007).

[6]  *Id.* at 823.

[7]  In *Van Alstyne*, I filed a dissent (joined by Judges Keasler and Hervey) that considered the crucial question to be, not whether we could decline to defer to a trial judge's record-supported fact-findings, but whether the trial judge's determination of mental retardation was in fact supported by the record.  *See id.* at 824-26.  Indeed, I conceded that almost total deference to the trial judge's fact-findings was required, but argued that the videotape required us to reject the trial judge's ultimate conclusion that Van Alstyne was mentally retarded within the meaning of *Atkins v. Virginia*.  *Id.*

The Court's citations to *Ex parte Simpson*,[8] *Ex parte Adams*,[9] and *Ex parte Young*[10] provide no further support for the notion that this Court can refuse to defer to a trial judge's record-supported findings in the habeas corpus context. To the contrary. This Court emphasized in *Simpson* that the trial judge, not this Court, was responsible for gathering evidence and making fact-findings:

> [T]he habeas judge is "Johnny-on-the-Spot." He is the collector of the evidence, the organizer of the materials, the decisionmaker as to what live testimony may be necessary, **the factfinder who resolves disputed factual issues**, the judge who applies the law to the facts, enters specific findings of fact and conclusions of law, and may make a specific recommendation to grant or deny relief. This Court then has the statutory duty to *review* the trial court's factual findings and legal conclusions to ensure that they are supported by the record and are in accordance with the law. We are not the convicting trial court, and we are not the original factfinders.[11]

We made those statements in response to a habeas applicant's attempt to submit evidence that had not been submitted to the trial court directly to this Court.[12] Though we said that we "might" have "implicit" authority to consider evidentiary materials filed directly with this Court, we did not in fact do so in that case.[13] But even if we had, doing so would not support the proposition that we could decline to defer to the trial court regarding evidence that actually was before it.

In *Adams*, the Court said that it was "not bound by the trial court's findings and conclusions of law" and that "generally" if the trial court's findings of fact are supported by the record, they

---

[8]  136 S.W.3d 660 (Tex. Crim. App. 2004).

[9]  768 S.W.2d 281 (Tex. Crim. App. 1989).

[10]  418 S.W.2d 824 (Tex. Crim. App. 1967).

[11]  136 S.W.3d at 668-69 (bold added, italics in original).

[12]  *Id.* at 669.

[13]  *Id.*

should be accepted.[14] That is undoubtedly correct. But if findings are not supported by the record, the alternative is not to make contrary findings; it is to reject the unsupported findings. In fact, in *Adams* the Court relied upon an earlier decision that "compared a trial judge's factual findings in a habeas corpus proceeding to a jury's resolution of factual disputes."[15] And, of course, the *Adams* court did defer to the trial judge's resolution of the facts, so whatever the opinion said about the issue was *dicta* anyway.[16]

In *Young*, a 1967 case, the Court explained that "[u]nder *prior* decisions" this Court was not bound by the findings of the district judge but decided the case upon facts ascertained "by affidavit or otherwise" and that the "resolution of disputed issues of fact has not *heretofore* been left with the district judge, subject to review of the Court of Criminal Appeals."[17] But the Legislature changed that by amending article 11.07 of the Texas Code of Criminal Procedure.[18] After amendment, article 11.07 "[f]urnishes statutory authority whereby the Court of Criminal Appeals may accept and adopt the findings of the district judge on such disputed issues of fact or review such findings to ascertain whether they are fairly supported by the transcription of the evidence and the record."[19] So, before article 11.07 provided for fact-finding by the trial court, this Court may not have been "bound" in any sense by any informal fact-finding that might have been made by a trial court under the auspices

---

[14] 768 S.W.2d at 288.

[15] *Id.* (discussing *Ex parte Moore*, 136 Tex.Cr.R. 427, 126 S.W.2d 27 (1939)).

[16] *Id.*

[17] 418 S.W.2d at 826-27 (emphasis mine).

[18] 418 S.W.2d at 827-29.

[19] *Id.* at 829.

of habeas corpus, but it seems clear now that this Court is "bound" by the trial court's fact-findings if they are supported by the record. It is accurate to say that this Court is "not bound" by the trial court's fact-findings if one simply means that this Court can reject those findings if they are not supported by the record. But the Court's language goes further by saying that this Court can make its own findings, rather than simply evaluating whether the trial court's findings are sufficiently supported, and on occasion ignore a trial court's fact-finding even when the record supports it.

And the Court further suggests that, if enough of the trial court's findings are not supported by the record, that can be a basis for disregarding findings that are supported: "When our independent review of the record reveals findings and conclusions that are unsupported by the record, we will, understandably, become skeptical as to the reliability of the findings and conclusions as a whole,"[20] "when numerous, but not all, findings and conclusions are not supported by the record, the determination of the level of deference to be accorded the findings and conclusions as a whole is to be made on a case-by-case basis,"[21] and, says the Court, "under the rarest and most extraordinary of circumstances . . . we will refuse to accord any deference whatsover to the findings and conclusions as a whole."[22] I am aware of no caselaw supporting these propositions, and the Court cites none. And I am leery of case-by-case determinations and rules that allow for rare exceptions. While "rare" may mean "rare" when a rule is laid down, once that door is open it can mean something else entirely. Especially when, as here, there is no clear standard for determining how many unsupported findings will trigger the loss of deference, and how this Court will decide

---

[20] Court's op. at 55 (emphasis mine).

[21] *Id.* at 56.

[22] *Id.* at 57.

whether the trial court's record-supported fact-findings will be ignored.  Perhaps a definite rule in this regard is an impossible task, but that is a sign that we should not be engaging in this task to begin with.

And we need not engage in that task here.  The issues in this case can be resolved, and in fact are resolved, by deferring to the trial court's record-supported fact-findings.

I concur in the judgment of this Court to deny relief.

Filed: December 17, 2008
Publish